IN THE UNITED STATES COURT FOR THE DISTRICT OF MARYLAND

THAI DOAN                                             :
14130 DUNLIN STREET                                   :
CLARKSBURG, MARYLAND 20871                            :
                                                      :
      Plaintiff,                                      :
                                                      :
v.                                                    :       Civil Action No. _____
                                                      :
EASTLAND FOOD CORPORATION                             :
8305 STAYTON DRIVE                                    :
JESSUP, MARYLAND 20794                                :
                                                      :
      Serve:  CSC Lawyers Incorporating Svcs.         :
              7 ST. PAUL STREET                       :
              SUITE 820                               :
              BALTIMORE MD 21202                      :
                                                      :
      Defendant.                                      :

<u>COMPLAINT</u>

Plaintiff, Thai Doan, by and through his undersigned counsel hereby sues Eastland Food Corporation for discrimination and wrongful termination on the basis of his national origin.

**PARTIES**

1.      Plaintiff, Thai Doan, was at all times relevant hereto an adult resident of the State of Maryland.

2.      Defendant, Eastland Food Corporation is a corporation based in Maryland, with its principal place of business located in Jessup, Maryland.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., 42 U.S.C. § 2000(e) et. seq.

4.     At all times relevant to this case, Defendant has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

5.     Venue is vested in this Court because Defendant's principal place of business is located in Maryland.

## FACTS OF THE CASE

6.     Plaintiff at all times relevant hereto was an employee of Defendant, a legal resident of the United States who was originally born in Vietnam.

7.     Plaintiff began his employment with the Defendant on August 26, 2019.

8.     At the times relevant to this case, he was employed Defendant as a Sales Representative.

9.     The President of the Company is Oscar Mekhaya ("Mr. Mekhaya").

10.     Eastland is a privately held corporation that is largely owned by members of Mr. Mekhaya's family.

11.     Mr. Mekhaya is of Thai origin.

12.     Defendant knew that Plaintiff was of Vietnamese origin at the time he was hired.

13.     At the time of his termination, Plaintiff was paid a salary of $41,500.

14.     He also received a 1% commission of his monthly sales from Fiscal Year ("FY") 2022 and FY2023.

15.     On average, during his time with Defendant Plaintiff received approx. $60,000 in commissions and salary annually.

16.     At all times relevant to this Complaint, Plaintiff was performing his duties withing the reasonable expectations of Defendant.

17. When hired, Plaintiff did not have an assigned sales territory.

18. He worked 'at large' across multiple sales territories.

19. In October 2021, Plaintiff's Sales Manager, Alan Lam ("Mr. Lam") (Chinese national origin), recommended that Plaintiff be assigned to the Vermont & DMV (Delaware/Maryland/Virginia area) sales region.

20. Assignment to this territory was a promotion.

21. Mr. Mehkaya denied the promotion.

22. Instead, Mr. Mehkaya promoted another sales representative, Houde Li ("John"), who was of Chinese national origin.

23. In March 2022, Mr. Lam recommended Plaintiff for a promotion, this time for the North Carolina & DMV sales region.

24. Mr. Mekhaya once again rejected Plaintiff.

25. Mr. Lam told Plaintiff that he believed that the owner wanted someone from Thailand and that a Thai, former employee, Kannikar Luapermporn ("Kan"), from the Atlanta office would be given the role.

26. The promotion was then given to Kan.

27. John, who had been assigned to the Vermont & DMV route, struggled in the role.

28. In April 2022, Defendant transferred the Vermont sales route to Plaintiff.

29. During 2022, Plaintiff increased sales in the Vermont territory.

30. In March of 2023, Thunyatorn Clark ("Fon") again recommend Plaintiff for the North Carolina/DMV region by the new Sales

31. Again, he was rejected for the role by Mr. Mekhaya.

32. Defendant selected a significantly less experienced, non-Vietnamese candidate was chosen

33. Lenny, of Chinese national origin, had worked for Defendant for less than two months before he was selected for the role.

34. Lenny had significantly less sales experience than Plaintiff and was still on his probationary period.

35. Lenny was born in Thailand and speaks Thai.

36. In FY2022, Plaintiff was the *only* Sales Representative to meet his sales target.

37. In fact, he exceeded his sales targets

38. All other Sales Representatives failed to hit their annual targets; some were below target by as much as 53%.

39. Defendant released sales targets for FY2023 on April 10, 2023.

40. For fiscal year 2023, Defendant changed their sales targets significantly due to market conditions.

41. Plaintiff was the *only* sales representative who had his sales targets *increase* from FY22 to FY23.

42. His target increased by 9.92% — nearly $300,000 — while non-Vietnamese sales representatives actually had their targets *decrease* between 8.98% to as much as 46.24%.

43. In FY2023, *all* of Defendant's Sales Representatives performed under target, with five employees performing significantly behind target.

44. Despite being the only employee to have increased sales targets, Plaintiff was closer to his higher sales targets that most of Defendant's employees were to their lower sales targets.

45. On December 6, 2023, Plaintiff was informed verbally by Paul Thananonphong, Senior HR and Process Improvement Manager that he would be terminated that day.

46. Fon, the Sales Manager, was present for the termination.

47. Defendant told Plaintiff he was the "worst performer" amongst all the sales representatives, which was demonstrably false and a clear pretext for discrimination on the basis of national origin.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

48. On or about March 4, 2024, Plaintiff filed his initial Charge with the EEOC, Charge No. 531-2024-02362.

49. EEOC issued a Notice of Right to Sue on May 14, 2025.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION

50. Plaintiff realleges all the facts stated herein.

51. Plaintiff belongs to a statutorily protected class (National Origin - Vietnamese).

52. Plaintiff was subjected to discrimination by Defendant on multiple occasions when he was passed over for promotions in favor of less qualified and less experienced employees from different national origins.

53. The discrimination complained of was based on Plaintiff's statutorily protected class (National Origin).

54. The discrimination affected terms or conditions of employment by denying Plaintiff promotions and ultimately terminating him when his performance was superior to that of employees of other national origins.

55.     As a direct and proximate result of Defendant's discrimination based on Plaintiff's national origin, Plaintiff has suffered and continues to suffer harm and damages, including loss of pay and emotional distress.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Enter Judgment in favor of Plaintiff on Count I and award Plaintiff damages, in an amount not less than $300,000.00 in economic damages and $300,000 in compensatory damages as well as such equitable relief as this Court deems necessary;

B.     Award Plaintiff all his costs and expenses associated with this matter, including reasonable attorneys' fees; and

C.     Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

July 10, 2025                                        Respectfully Submitted,


                                        /s/Neil S. Hyman_____
                                        Neil S. Hyman, Esquire
                                        Md. Federal Bar No. 15158
                                        Law Office of Neil S. Hyman, LLC
                                        4520 East West Highway, Suite 700
                                        Bethesda, Maryland 20814
                                        301-841-7105 (p)
                                        neil@neilhymanlaw.com

                                        *Counsel for Plaintiff*

**<u>JURY TRIAL</u>**

Plaintiff requests that all matters in this case be tried by a jury.

                                        Respectfully Submitted,

                                        /s/Neil S. Hyman_____
                                        Neil S. Hyman, Esquire
                                        Md. Federal Bar No. 15158
                                        Law Office of Neil S. Hyman, LLC

4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com

*Counsel for Plaintiff*